

# The Attorney General of Texas

October 24, 1984

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

101 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Mike Driscoll
Harris County Attorney
1001 Preston, Suite 634
Houston, Texas    77002

Opinion No.   JM-216

Re:  Whether a district clerk
must docket a transferred case
before the filing fee is paid

Dear Mr. Driscoll:

You have requested our opinion regarding a procedural matter under the Texas Rules of Civil Procedure. You ask whether the Harris County district clerk is required to assign and docket a case transferred to his county pursuant to rule 89 before a filing fee is paid. You have also asked how such a case may be dismissed if such filing fee is not paid.

Rule 89 of the Texas Rules of Civil Procedure sets out the procedural steps required when a case has been transferred to another county under a transfer of venue. Portions of the rule follow:

> If a motion to transfer venue is sustained, the cause shall not be dismissed, but the court shall transfer said cause to the proper court; and the costs incurred prior to the time such suit is filed in the court to which said cause is transferred shall be taxed against the plaintiff. The clerk shall make up a transcript of all the orders made in said cause, certifying thereto officially under the seal of the court, and send it with the original papers in the cause to the clerk of the court to which the venue has been changed. . . . After the cause has been transferred, as above provided for the clerk of the court to which the cause has been transferred shall mail notification to the plaintiff or his attorney that transfer of the cause has been completed, that the filing fee in the proper court is due and payable within thirty days from the mailing of such notification, and that the case may be dismissed if the filing fee is not timely paid; and if such filing fee is timely paid, the cause will be subject to trial at the expiration

of thirty days after the mailing of notification to the parties or their attorneys by the clerk that the papers have been filed in the court to which the cause has been transferred; and if the filing fee is not timely paid, any court of the transferee county to which the case might have been assigned, upon its own motion or the motion of a party, may dismiss the cause without prejudice to the refiling of same.

Tex. R. Civ. Proc. 89.

It is our opinion that rule 89, when read in conjunction with article 3927, V.T.C.S., does not require the district clerk to assign and docket a case transferred under a transfer of venue until the required filing fee of $25.00 is paid. Under rule 89, the clerk of the court to which a case is transferred is required to receive certified copies of the papers, files and orders entered in the case and to notify the plaintiffs that the case has been "transferred" and that a filing fee is due. If the filing fee is not paid, any district court "to which the case might have been assigned" may dismiss the cause. This last phrase, contained in rule 89, we believe, implies that the case is not "assigned," that is, placed on the docket of a particular court, before the filing fee is paid.

In any event, article 3927, which controls in the event of a conflict with a rule of procedure promulgated by the supreme court, clearly provides that an action cannot be docketed before the filing fee is paid. The statute provides as follows:

> The clerks of the district courts shall receive the following fees for their services:
>
> (1) The fees in this Subsection shall be due and payable, and shall be paid at the time suit or action is filed.
>
> For each suit filed, including appeals from inferior courts . . . . . . . . . . . . . . $25.00.

V.T.C.S. art. 3927.

With regard to your inquiry concerning the manner of dismissal of cases for which filing fees are not paid, we believe that any district judge of a court in the transferee county to which the case might have been assigned would have the authority under rule 89 to enter an order that the case is dismissed, notwithstanding the fact that it has not been assigned to any particular court within that county. See

V.T.C.S. art. 199a (authority for local rules relating to the assignment of cases).

## S U M M A R Y

Cases transferred under a change of venue need not be assigned and docketed in the transferee county until a filing fee is paid.

Very truly yours,

**J I M   M A T T O X**
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Colin Carl
Susan Garrison
Tony Guillory
Jim Moellinger
Nancy Sutton